## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------x

CARRIE YOUSE and MARK YOUSE, w/h
         Plaintiffs,

      v.

JOHNSON & JOHNSON, *et al.,*

        Defendants.

--------------------------------------------------------x

CIVIL ACTION

No. 2:18-cv-03578-MMB

ASBESTOS CASE

JURY TRIAL DEMANDED

### PROPOSED ORDER

**AND NOW,** on this _____ day of _____, 2018, upon consideration of Defendant

Imerys Talc America, Inc.'s Motion to Dismiss Amended Complaint for Lack of Personal Pursuant to Fed.

R. Civ. P. 12(b)(2), or Alternatively, for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6), and

Plaintiffs' Response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion is **DENIED.**

_____
               **Michael M. Baylson, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------x

CARRIE YOUSE and MARK YOUSE, w/h           CIVIL ACTION
         Plaintiffs,

                                     No. 2:18-cv-03578-MMB

        v.

JOHNSON & JOHNSON, *et al.*,              ASBESTOS CASE

        Defendants.                  .      JURY TRIAL DEMANDED

-----------------------------------------------------------x

## PLAINTIFF'S COMBINED RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT IMERYS TALC AMERICA, INC.'S MOTION TO DISMISS FOR PERSONAL JURISDICTION OR FOR FAILURE TO STATE A CLAIM

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiffs Carrie Youse and Mark Youse, by and through their attorneys, Gori Julian & Assoc. PC, hereby submits this, their combined response and memorandum of law in opposition to Defendant Imerys Talc America, Inc.'s ("Imerys") Motion to Dismiss Amended Complaint. In support of this response, and in opposition to Defendants' motion, Plaintiffs would respectfully show the Court the following:

### RELEVANT FACTS AND ALLEGATIONS

Mrs. Youse was and is a resident of the Commonwealth of Pennsylvania currently, at the time of exposure, as well as at the time of her diagnosis with Peritoneal Mesothelioma. This led Mrs. Youse to file a Complaint in the Court of Common Pleas, in 2018, alleging injuries for Mesothelioma.

It is undisputed that Defendant Imerys is not incorporated in Pennsylvania nor is its principal place of business located in Pennsylvania[1]. However, Imerys is registered to do business as a foreign

---

[1] Imerys Talc America, Inc. is a Delaware Corporation with a principal place of business in the State of California.

1

corporation in Pennsylvania and has agents in Pennsylvania for service of process, thereby subjecting itself to the jurisdiction of the courts within this Commonwealth. Defendant moved to have the claims dismissed in their entirety for lack of personal jurisdiction. Plaintiff contends, as this Court has held in *Bors v. Johnson & Johnson*, that registration as a foreign corporation in Pennsylvania is sufficient to give personal jurisdiction in Pennsylvania. 208 F. Supp. 3d 648 (2016).

## ARGUMENT

In its Motion, Imerys asks this Court to ignore controlling Third Circuit precedent and its own holdings that a corporation that registers to do business in Pennsylvania consents to personal jurisdiction in the Commonwealth's courts. The Court should ignore Imerys' misleading arguments and follow the established Third Circuit precedent and its own previous rulings. Additionally, Plaintiff's Amended complaint filed in the Pennsylvania Court of Common Pleas, is plead with sufficient specificity to Imerys. Although an argument not expressly made by Imerys in its briefing, defendant alluded to it in its Facts and Procedural History so Plaintiff will address it briefly here. On a motion to dismiss, the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the nonmoving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 3 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). It is undisputed that Plaintiff alleges her mesothelioma is a result of exposure to asbestos containing Johnson & Johnson talcum powder products. It is also undisputed that Imerys was the supplier of talc for that product, which would have been the source of any alleged asbestos content. Therefore, given that the

2

Amended Complaint was sufficiently plead and the personal jurisdiction analysis below, the court should deny Defendant's Motion.

A. **Personal Jurisdiction is Proper Based on Imerys' Consent.**

Plaintiffs content that jurisdiction is proper in this case under an express consent theory. Defendant's brief, despite having previously argued this issue before this Court, continues to conflate the issue of personal jurisdiction.     Imerys mistakenly argues that the issue is one of general personal jurisdiction and that the principles of *Daimler* do not allow for general personal jurisdiction under these circumstances.  However, a careful examination of the law shows that personal jurisdiction by express consent not only survives *Daimler* but is indeed constitutional and fair; consistent with the Due Process Clause of the Fourteenth Amendment.  Despite contentions to the contrary the idea of express consent by registration is a doctrine long accepted and applied by U.S. Courts and consistent with the Constitution as well as the way jurisdiction is applied to individuals.

Pennsylvania's long-arm statute, 42 Pa. C.S. § 5301, provides, in pertinent part, as follows:

> (a) General rule. — The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:...
> (2) Corporations.—
> (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.
> (ii) Consent, to the extent authorized by consent.
> (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa. C.S. § 5301(a)(2)

Here, as in other cases, Imerys argues that *Daimler* repudiated the consent-by-registration theory. However, as this Court ruled in *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648 (2016), *Daimler* is distinguishable because it focused on general jurisdiction based on implied consent through minimum contacts. Defendant Imerys first articulated this argument in 2016 in *Bors* and does so again in the present

3

case. This Court found them as wanting then as it should today. Further, other district courts in Pennsylvania have since similarly applied the consent-by-registration doctrine. *See Gorton v. Air & Liquid Systems Corp.* 303 F. Supp. 3d 278 (2018) (Courts within the Third Circuit that have analyzed section 5301 following *Daimler* continue to follow the decision in *Bane v. Netlink, Inc.*, where the Court found that "by registering to do business in Pennsylvania, the defendant purposefully availed itself of the privilege of conducting activities within the forum State, th[u]s invoking the benefits and protections of its laws.".); *Hegna v. Smitty's Supply, Inc.*, 2017 WL 2563231 (E.D. Pa. 2017) (Holding that consent remains a valid form of establishing personal jurisdiction after Daimler and that registering to do business in Pennsylvania is consenting to general personal jurisdiction).

The Third Circuit has interpreted and upheld the consent-by-registration provision of 42 Pa. C.S. § 5301(a)(2)(i). *See Bane v. Netlink, Inc.*, 925 F.2d 637 (3d. Cir. 1991). In *Bane,* the Third Circuit unequivocally held that "Pennsylvania law explicitly states that the qualification of a foreign corporation to do business is sufficient contact to serve as the basis for the assertion of personal jurisdiction." *Id.* at 640. The Third Circuit noted that "[c]onsent is a traditional basis for assertion of jurisdiction long upheld as constitutional." *Id.* at 641.

Generally, these courts have found that Due Process is satisfied, for purposes of a personal jurisdiction analysis, if the court finds the existence of "minimum contacts" between the non-resident defendant and the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice, or by consent of the party asserting a lack of personal jurisdiction. See, U.S. Const. Amend. The key difference between express consent by registration and implied consent by minimum contacts is that, unlike the latter relying upon a finding of fictional consent, the consent in the former situation is perspicuous and real. To consider any additional contacts the defendant may have made with the forum is a superfluous exercise. The defendant has expressly availed itself to the *in personam* jurisdiction of the forum.

4

Here, Imerys inaccurately restricts the Court's holding in *Daimler* to a minimum contacts analysis for general jurisdiction, ignoring that *Daimler* neither explicitly nor implicitly overruled *Bane*, and a majority of courts have held that clear statutory consent-by-registration provisions are valid. Indeed, the Court in *Daimler* only referenced its decision to one of general jurisdiction over a foreign corporation that has not consented to suit in the forum. Thus, on its face *Daimler* solely restricted general jurisdiction and had no bearing on previous Supreme Court decisions involving consent to jurisdiction. More recently numerous courts have tackled the situation in different degrees and ways. Several courts have refused to apply the consent by registration doctrine and others have readily applied the doctrine. The Court of Appeals for the Eighth Circuit held that appointment of an agent for service of process under the forum state's registration statute "is a valid basis of personal jurisdiction, and resort to minimum-contacts or due-process analysis to justify the jurisdiction is unnecessary." *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990). The court further elaborated that "[o]ne of the most solidly established ways of giving such consent [to personal jurisdiction] is to designate an agent for service of process within the State" and that it is perhaps so often forgotten "because it is of such long standing as to be taken for granted." Id. at 1199-1200. Similarly, the United States District Court for the Southern District of New York denied a defendant's motion to dismiss for lack of personal jurisdiction, noting "New York's long-held view that the designation of an agent for service of process is not merely a mechanism for transmitting process but a 'real consent' to jurisdiction." See *The Rockefeller University v. Ligand Pharmaceuticals, Inc.*, 581 F. Supp. 2d 461, 466-67 (S.D.N.Y. 2008).

**B.  Consent-By-Registration Has Been Upheld Numerous Times by the Third Circuit.**

This Court has addressed this issue and has held that registration as a foreign corporation in Pennsylvania is sufficient to give personal jurisdiction in Pennsylvania. *See Hegna v. Smitty's Supply, Inc.*, 2017 WL 2563231 (E.D. Pa. 2017) (Holding that consent remains a valid form of establishing personal jurisdiction after Daimler and that registering to do business in Pennsylvania is consenting to general

personal jurisdiction); *see also Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648 (2016).   Further, other courts throughout the 3rd Circuit have in some circumstances applied the consent-by-registration doctrine. *See Otsuka Pharmaceutical Co., Ltd., v. Mylan, Inc.*, 106 F.Supp.3d 456 (2015) (consent remains a valid basis for exercising personal jurisdiction over a nonresident defendant and designation of an in-state agent for service of process in accordance with a state registration statute constitutes consent); *Acorda Therapeutics, Inc. v. Mylan Pharmaceuticals Inc.*, 78 F.Supp.3d 572 (2015) (Holding that because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.  And that a corporation may be deemed to have consented to the jurisdiction of the courts in a particular state by complying with the requirements imposed by that state for registering or qualifying to do business there.*); Kukich v. Electrolux Home Products, Inc.*, 2017 WL 345856 (U.S. Dist. Ct. D. Md) (In deciding whether transfer to Middle District of Pa. was appropriate, the court found that personal jurisdiction in Pennsylvania over the defendant was appropriate based on defendant's registration as a foreign corporation in Pennsylvania, such registration was akin to a waiver of the personal jurisdiction defense.); *Senju Pharmaceutical Co., Ltd. V. Metrics, Inc.*, 96 F.Supp.3d 428 (D.N.J., 2015) (defendant consented to personal jurisdiction in New Jersey by accepting service through its registered agent in New Jersey).

## C. The Amended Complaint Adequately Pleads Plaintiffs' Claims, but Should it be Necessary, the Court Should Grant Leave to Amend.

A complaint is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim." *Armano v. Martin,* 157 F. Supp. 3d 392, 399 (D.N.J. 2016).

Under Fed. R. Civ. P. 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.), *cert. denied,* 501 U.S. 1222 (1991). The Court must "accept all factual allegations as true, construe the complaint in the

6

light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008).

Should the Court dismiss any aspect of Plaintiff's Amended Complaint, it should do so without prejudice and grant leave to amend. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962). Indeed, none of the reasons that may warrant denying a request for leave to amend (undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment) are present here. *Foman,* 371 U.S. at 182. If the Court finds that any aspect of Plaintiff's Amended Complaint is lacking, fairness dictates that she be given an opportunity to address any such deficiency.

### D. The Affidavit Filed in Support of Defendant's Motion Should be Stricken, or Plaintiff Should be Given the Opportunity to Conduct Discovery Necessary to Rebut it.

In support of its Motion to Dismiss, Imerys submitted the Affidavit of Patrick Downey, an alleged Director of Engineering and Quality for Imerys. First, Mr. Downey's Affidavit is irrelevant to the legal arguments contained in Imerys' Motion. It could only be relevant if *Bane v. Netlink, Inc.,* 925 F.2d 637 (3d. Cir. 1991) was not applicable, which it is. Therefore, Mr. Downey's Affidavit, although extraneous to the pleadings as submitted, is moot for its intended purpose and should be stricken.

### CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant Imerys Talc America, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint for lack of Personal Jurisdiction.

Respectfully submitted,

/s/ Jason M. Hodrinsky
Gori Julian & Associates, PC
360 Lexington Ave., 20th Floor
New York, NY 10017
Tel.: (646) 609-*8021*
***Attorneys* for Plaintiff**

Dated: October 23, 2018