# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| YOUSE & YOUSE | CIVIL ACTION |
|---|---|
| v. | NO. 18-3578 |
| JOHNSON & JOHNSON, ET AL. | |

## MEMORANDUM RE: OUTSTANDING MOTIONS

**Baylson, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**January 16, 2019**

Before the Court are two motions in this asbestos personal injury case: Plaintiffs' Motion to Remand (ECF 7, "Remand Mot."), and Defendant Imerys Talc America, Inc.'s ("Imerys") Motion to Dismiss for Lack of Jurisdiction (ECF 21, "Mot. to Dismiss"). We review the factual and procedural history of this case and then address each motion in turn.

## I. Factual and Procedural History

In Plaintiffs' Amended Complaint, they assert that Plaintiff Carrie Youse "was exposed to asbestos from the personal use of cosmetic talcum powder products and through family members who also used cosmetic talcum powder products on plaintiff and others." (ECF 4, Am. Compl. at ¶ 4.) Plaintiff Carrie Youse states that she was diagnosed with papillary mesothelioma on November 13, 2015 and asserts that in May 2018 she "learned that her exposure to asbestos containing talcum powder was the factual cause of her Mesothelioma." (Am. Compl. at ¶ 5.) She alleges causes of action for strict liability, negligence, breach of warranty, and misrepresentation against the Defendants. (Am. Compl., Counts I-IV.) Her husband, Mark Youse, asserts a claim for loss of consortium. (Am. Compl., Count V.)

Plaintiffs filed their complaint against Defendants Johnson & Johnson ("J&J") and Imerys, individually and as successor-in-interest to Luzenac Group and Cyprus Minerals Co. on July 13, 2018 in Pennsylvania state court. (Common Pleas Compl., ECF 1, Ex. A.) On August

22, 2018, Defendant Imerys filed a notice of removal, including within it Defendant J&J's consent to removal. (ECF 1, Ex. B.) Shortly after removal, Imerys filed a Motion to Dismiss for Lack of Jurisdiction (ECF 3), which we dismissed as moot (ECF 5) when Plaintiffs amended their complaint. (Am. Compl.) In the Amended Complaint, Plaintiffs added a claim against Defendant Walmart. (Am. Compl.) Plaintiffs then moved to remand on September 21, 2018. (Remand Mot.) All Defendants responded in opposition to Plaintiffs' Motion Remand. (J&J and Imerys Joint Resp., ECF 13; Walmart Resp., ECF 16.)

Defendant J&J answered the Amended Complaint, including within it affirmative defenses and cross claims against its co-defendants. (ECF 9.) Defendant Walmart filed two answers, one responding to Plaintiffs' Amended Complaint, including within it crossclaims against co-defendants (ECF 19) and one in response to J&J's cross claims. (ECF 20.) Defendant Imerys did not answer but filed a Motion to Dismiss for Lack of Jurisdiction on October 11, 2018. (Mot. to Dismiss.) Plaintiffs filed a Response in opposition to Imerys's motion (ECF 22), and Imerys replied. (ECF 24.)

## II. Plaintiffs' Motion to Remand

The basis of Plaintiffs' Motion to Remand is that subject matter jurisdiction is lacking because "Wal-Mart is a citizen of the Commonwealth of Pennsylvania" and therefore the case lacks diversity required for subject matter jurisdiction under 28 U.S.C. § 1332. (Remand Mot. at ¶¶ 22, 21.)

Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006). A corporate defendant is

2

deemed a citizen of its state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c). "The party asserting diversity jurisdiction bears the burden of proof," which it meets by proving diversity of citizenship by a preponderance of evidence. McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

In its response, Walmart asserts that

> Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas, and therefore citizens of Delaware and Arkansas. . . . As such, all parties are diverse. . . . Also, when looking at the corporate statuses of each of the Walmart operating entities, we see that none are citizens of Pennsylvania. Plaintiffs allege that the subject talcum powder products were purchased at Walmart, but they do not identify which store(s). . . . Walmart store locations nationwide are operated by one of five entities: Walmart Inc., Wal-Mart Stores East, LP, Wal-Mart Stores Texas, LLC, Wal-Mart Louisiana, LLC, and Wal-Mart Stores Arkansas, LLC. None of these entities (and none of partners of Wal-Mart Stores East, LP) are incorporated or have a principle place of business in Pennsylvania.

(Walmart Resp. Memo., ECF 16-2 at 2.)

Plaintiffs have not met their burden of rebutting Walmart's assertions. As noted by Defendants J&J and Imerys, "Plaintiff attaches no evidence whatsoever to support or otherwise corroborate" its statement that Walmart is a Pennsylvania corporation. (J&J and Imerys Joint Resp. at 3.) We are satisfied that Walmart is not a citizen of Pennsylvania, and therefore that complete diversity exists such that § 1332 is satisfied. We deny Plaintiffs' Motion to Remand.

### III. Defendant Imerys's Motion to Dismiss

We turn next to Defendant Imerys's Motion to Dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Imerys argues that it has not consented to jurisdiction in Pennsylvania because its only contact with the state is through its business registration, which it

3

asserts is not a sufficient basis for personal jurisdiction under controlling precedent. Imerys is a Delaware corporation with its principal place of business in California. (Mot. to Dismiss at 2; Pl. Resp., ECF 22 at 1.)

There are two types of personal jurisdiction: specific and general jurisdiction. Where a cause of action arises from, or relates to, the defendant's contacts with the forum, specific jurisdiction exists. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). General jurisdiction, in contrast, may be asserted over a defendant even when the cause of action has no relation to the defendant's contacts with the forum if the defendant's "affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate.'" Daimler AG v. Bauman, 571 U.S. 117, 128 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 920 (2011)).

Under Pennsylvania's jurisdictional statute, 42 PA. STAT. AND CONS. STAT. ANN. § 5301 (West 2018):

(a) The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis for jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
. . . .
(2) Corporations.—
　(i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.
　(ii) Consent, to the extend authorized by the consent.
　(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

In Bane v. Netlink, Inc., 925 F.2d 637, 641 (3d Cir. 1991), Judge Sloviter held that business registration under § 5301 was a sufficient basis for Pennsylvania courts exercising

4

personal jurisdiction over a company.[1]

Imerys urges us not to follow Bane, contending that "after Daimler, corporations cannot be subject to personal jurisdiction merely because they do business in the forum state." (Mot. to Dismiss Memo., ECF 21-1 at 9.) Daimler, however, did not address whether registration to do business is a sufficient basis for general personal jurisdiction, and the Third Circuit has not addressed the question of consent-based jurisdiction after Daimler. As Judge Brody observed, "[b]ecause the Supreme Court has not addressed the viability of consent to jurisdiction post-Daimler, courts in this district have continued to apply the precedent established by the Third Circuit in Bane to hold that registration to do business in Pennsylvania constitutes consent to jurisdiction." Plumbers' Local Union No. 690 Health Plan v. Apotex Corp., No. CV 16-665, 2017 WL 3129147, at *11 (E.D. Pa. July 24, 2017).

Other judges in this district have found that under § 5301, business registration constitutes consent to jurisdiction in Pennsylvania, even after Daimler. See Bors v. Johnson & Johnson, 208 F. Supp. 3d 648, 650 (E.D. Pa. 2016) (Kearney, J.) (denying Defendant Imerys's Motion to Dismiss for lack of personal jurisdiction in personal injury lawsuit based on its sale of

---

[1] Imerys contends that Bane "does not control the consent-by-registration inquiry in this case" because the registration statute in that case, 15 PA. STAT. ANN. § 2004(6) has since been repealed and replaced by 15 PA. STAT. AND CONS. STAT. ANN. § 411. (Mot. to Dismiss Memo. at 18.) Imerys argues that "the repealed statute made registration by consent quite explicit, stating that by registering, the corporation agreed to a 'designation of the Secretary of the Commonwealth . . . as the true and lawful attorney of the corporation upon whom all lawful process in any action against it may be served . . . with the same legal force and validity as if serving on the corporation.'" (Mot. to Dismiss Memo. at 18, citing Bane, 925 F.2d at 640.)
　　Although the quoted language has been removed from the current registration statute, foreign corporations registering to do business in Pennsylvania must provide, subject to some exception, "the address, including street and number, if any, of its registered office in this Commonwealth." 15 PA. STAT. AND CONS. STAT. ANN. § 412(a)(5). More importantly, the jurisdictional statute that was the basis of the Bane decision, § 5301, has remained in full effect since that case.

talc to J&J); see also Allstate Ins. Co. v. Electrolux Home Prod., No. 5:18-CV-00699, 2018 WL 3707377, (E.D. Pa. Aug. 3, 2018) (Leeson, J.); Hegna v. Smitty's Supply, Inc., No. CV 16-3613, 2017 WL 2563231 (E.D. Pa. June 13, 2017) (Padova, J.); Shipman v. Aquatherm L.P., No. CV 17-5416, 2018 WL 6300478 (E.D. Pa. Nov. 28, 2018) (Heffley, J.); Aetna Inc. v. Mednax, Inc., No. CV 18-2217, 2018 WL 5264310 (E.D. Pa. Oct. 23, 2018) (Beetlestone, J.).

Without the Third Circuit overruling Bane or distinguishing Daimler, we follow these decisions and conclude that registration to do business in Pennsylvania is sufficient to create general personal jurisdiction. Accordingly, we deny Defendant Imerys's motion to dismiss.

An appropriate order follows.

O:\CIVIL 18\18-3578 Youse v. Johnson & Johnson\18cv3578 Memo on Mtns to Remand and Dismiss.docx